PER CURIAM.
The appellant challenges an order of continued involuntary commitment. Because the state failed to prove by clear and convincing evidence that the appellant meets the statutory criteria for involuntary placement, we reverse.
At an involuntary commitment proceeding, the state must demonstrate, among other things, either that the patient is incapable of surviving alone and is likely to suffer from neglect or that the patient will inflict serious bodily harm to himself or another person. See § 394.467(l)(a)2, Fla. Stat. (2009). Although the psychiatrist testified that he believed the appellant would present a danger to others and that the appellant would not be able to care for himself if discharged, this general testimony does not specify the nature of self-neglect or harm to others that may occur if the appellant were released. Therefore, this testimony is not sufficient to establish a real and present threat of substantial harm to the appellant or another person. See Lyon v. State, 724 So.2d 1241, 1242-43 (Fla. 1st DCA 1999). Accordingly, we reverse the order for continued involuntary placement.
REVERSED.
WEBSTER, KAHN, and ROBERTS, JJ., concur.